**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Erin Swike, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:17-cv-1503 |
| | ) | |
| Med-1 Solutions, LLC, an Indiana | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Erin Swike, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Erin Swike ("Swike"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for medical services.

4.      Defendant, Med-1 Solutions, LLC ("Med-1"), is an Indiana limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it

regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Med-1 was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Swike.

5. Defendant Med-1 is authorized to conduct business in the State of Indiana and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Med-1 conducts business in Indiana.

6. Defendant Med-1 is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant Med-1 acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. During, 2014 Ms. Swike incurred several medical debts that she was unable to pay do to her financial circumstances.  Accordingly, several of her bills were sent to Med-1 for collection. On April 16, 2015, Defendant Med-1 sent Ms. Swike an initial collection letter demanding payment of one of these debts that she allegedly owed for medical services to St. Vincent Physician.  A copy of this letter is attached as Exhibit C.

8. As is her right under the FDCPA, Ms. Swike responded to Med-1's collection attempt on April 21, 2015, with a letter refusing to pay the debt.  This letter was delivered to Defendant on April 23, 2015.  A copy of this letter and the delivery confirmation are attached as Group Exhibit D.

9. Despite her refusal to pay, Defendant Med-1 began calling Ms. Swike in 2017, in an attempt to collect the debt, including telephone calls on March 7, 2017 and

May 2, 2017, leaving voicemail messages asking Ms. Swike to call Med-1. On May, 4, 2017, Med-1 sent Ms. Swike a collection letter demanding payment of the St. Vincent Physician's debt.  A copy of this letter is attached as Exhibit E.  Moreover, on May 5, 2017, Ms. Swike returned Defendant's phone calls and was told by its collector, "Tamia", that Med-1 wanted her to pay the St. Vincent Physician debt.

10.     Violations of the FDCPA which would lead a consumer to alter her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Defendant's violations of the FDCPA were material because, although Plaintiff believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

11.     All of Defendant's collection actions complained of herein (the phone calls and collection letter), occurred within one year of the date of this Complaint.

12.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Collections

13.     Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14.     Here, the letter from Ms. Swike told Defendant that she refused to pay the

3

debt (Group Exhibit D).  By calling Ms. Swike and sending her the May 4, 2016 letter,
which continued to demand payment of the debt (Exhibit E), Defendant Med-1 violated
§ 1692c(c) of the FDCPA.

15.     Defendant's violations of § 1692c(c) of the FDCPA render it liable for
actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §
1692k.

## PRAYER FOR RELIEF

Plaintiff, Erin Swike, prays that this Court:

1.      Find that Defendant's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Swike, and against Defendant, for
actual and statutory damages, costs, and reasonable attorneys' fees as provided by
§ 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Erin Swike, demands trial by jury.

Erin Swike,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  May 8, 2016

4

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
9465 Counselors Row
Suite 200
Indianapolis, Indiana 46240
(317) 805-4717
(317) 732-7511
shalbertlaw@gmail.com