UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIN SWIKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-1503-JMS-MPB |
| | ) | |
| MED-1 SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Presently pending before the Court is Plaintiff Erin Swike's Motion for Attorney's Fees and Costs. [Filing No. 32.] Following her acceptance of Defendant Med-1 Solutions, LLC's ("Med-1") offer of judgment in the total amount of $4,000, Ms. Swike filed her request for $31,220.89 in attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3). [Filing No. 32.] Defendant opposes Ms. Swike's Motion. [Filing No. 35.] As discussed below, the Court finds the hourly rate requested by Ms. Swike's counsel to be excessive under the circumstances. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Ms. Swike's Motion and awards Ms. Swike a total of $29,011.39 in fees and costs.

## I.
### BACKGROUND

On May 8, 2017, Ms. Swike filed her Complaint, alleging that Med-1 violated 15 U.S.C. § 1692c(c) of the Fair Debt Collection Practices Act ("FDCPA"). [Filing No. 1.] Thereafter, Med-1 filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. [Filing No. 14.] The Court denied Med-1's motion on September 15, 2017. [Filing No. 23.] On October 10, 2017, following the Court's denial of the Motion to Dismiss, Ms. Swike accepted an offer of judgment for $1,000 in statutory damages and $3,000 in actual damages. [Filing No. 24.] The accepted judgment

leaves it to the Court to determine an award of reasonable attorney's fees and costs. [Filing No. 24-1.] Ms. Swike seeks $615.89 in costs and $30,650 in attorney's fees based upon rates of $595 per hour for attorney David Philipps, $585 per hour for attorney Mary Philipps, and $295 for attorney Angie Robertson. [Filing No. 32 at 11.]

Mr. Philipps has been practicing law since 1987 and has been litigating FDCPA cases since the early 1990s. [Filing No. 32-5 at 2-3; Filing No. 32-5 at 12.] He has publicly presented on issues involving the FDCPA at conferences across the United States and is a founding member of the National Association for Consumer Advocates, serving on its Board of Directors since 2013. [Filing No. 32-5 at 3-9.] Ms. Philipps was admitted to the bar in 1987 and has a similar practice to that of Mr. Philipps. [Filing No. 32-5 at 7.] Ms. Robertson is an associate who has been practicing since 2010. [Filing No. 32-5 at 7.] Three practitioners, two consumer protection attorneys from Chicago and one Indianapolis commercial litigator, have each attested to the reasonableness of the claimed rates. [Filing No. 32-6; Filing No. 32-7; Filing No. 32-8.]

On December 13, 2017, Ms. Swike filed her motion for Motion for Attorney's Fees and Costs. [Filing No. 32.] The Motion is fully briefed and ripe for decision.

## II.
### DISCUSSION

Ms. Swike argues that her fee request is reasonable because her attorneys have previously received fee awards at the requested rates, her attorneys are highly experienced at litigating FDCPA cases, and she achieved complete success on her claims. [Filing No. 32 at 7-10.]

In response, Med-1 does not challenge the hours spent on this matter, but argues that each of the claimed rates is excessive. Specifically, Med-1 requests that the Court reduce Mr. Philipps' rate from $595 to $275 per hour; Ms. Philipps' rate from $585 to $275 per hour; and Ms. Robertson's rate from $295 to $175 per hour. In support, Med-1 argues that the requested hourly

rates are unreasonable because other attorneys in recent FDCPA claims received far lower hourly rates than Ms. Swike's requested rates and because the FDCA claim in this case was "simple and uncomplicated." [Filing No. 35 at 2-4.] Med-1 requests that the Court award hourly rates of $275 per hour for David Philipps and Mary Philipps and $175 per hour for Angie Robertson. [Filing No. 35 at 4.]

In reply, Ms. Swike argues that her attorneys are far more experienced than the attorneys who received lower hourly rates in other FDCPA cases. [Filing No. 36 at 3.] Ms. Swike also argues that the case was made more complicated by Med-1's decision to file its unsuccessful Motion to Dismiss. [Filing No. 36 at 5-6.]

Section 1692k of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). The Court "begins the fee calculation by computing a 'lodestar': the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). Because the parties do not dispute that the number of hours Ms. Swike's attorneys worked were reasonable (the first half of the lodestar calculation), the sole task of the Court is to determine the reasonableness of the hourly rates. The lodestar calculation produces a "presumptively reasonable fee," which may be adjusted based on factors not accounted for by the award calculation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The plaintiff bears the burden of proving that the requested hourly rate is reasonable and "in line with those prevailing in the community." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The best

evidence is "an attorney's actual billing rate for similar litigation." *Montanez*, 755 F.3d at 554 (internal quotation omitted). A plaintiff may also prove the reasonableness of a requested rate with, for example, evidence of attorney's fee awards in previous cases and evidence of the rates of similarly experienced attorneys performing similar work. *Id.* Not all evidence should be treated equally, however. Courts may properly discount "conclusory affidavits from attorneys merely opining on the reasonableness of another attorney's fee," evidence "involv[ing] different markets," and prior awards "based on compromises between parties." *Id.* (internal alterations and quotations omitted). Moreover, "while evidence of fee awards in prior similar cases must be considered by a district court as evidence of an attorney's market rate, such evidence is not the *sine qua non* of that attorney's market rate—for each case may present its own special set of circumstances and problems." *Pickett*, 664 F.3d at 646 (quoting *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 408 (7th Cir. 2011)). Thus, while the Court may not ignore fee awards from other cases, the Court is not bound by such determinations, *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 557 (7th Cir. 1999), particularly where a fee award lacks an "explanation as to how the court[] had arrived at [a particular] rate." *Pickett*, 664 F.3d at 643 n.4.

Should the plaintiff establish that the requested rates are within the prevailing community rate, the burden shifts to the defendant to demonstrate "a good reason why a lower rate is essential." *Id.* at 640 (internal quotation omitted). A defendant must offer at least "some evidence" to rebut a plaintiff's showing of a reasonable hourly rate, and may do so by pointing to market data, lower prior awards for the plaintiff's attorney, and past awards for other comparable attorneys in the market. *Id.* at 647. If the plaintiff does not meet the burden of proving that the requested rates are appropriate, the Court may independently determine an appropriate rate. *Montanez*, 755 F.3d at 553.

"The Supreme Court has consistently held that the interest in uniformity of fee awards is not great enough to justify closer appellate scrutiny—indeed, the Court has said that there is hardly any 'sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it.'" *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 837 (2011)). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants." *Fox*, 563 U.S. at 838. Rather, "[t]he essential goal . . . is to do rough justice" and to avoid allowing the fee determination to "result in a second major litigation." *Id.* (internal quotation omitted).

Turning, then, to the evidence Ms. Swike has submitted in support of her attorneys' claimed rates, the three affidavits fail to establish that the request comports with the prevailing rates in the community. First, the affidavit of Samuel Hodson, a partner at an Indianapolis firm, provides no evidence of reasonable rates for the local community but instead offers the conclusory statement that the rates sought are "reasonable" and "consistent" with Ms. Swike's attorneys' credentials. [Filing No. 32-6 at 3]; *see Montanez*, 755 F.3d at 554 ("[C]onclusory affidavits . . . merely opining on the reasonableness of another attorney's fee . . . have little probative value."). Second, while the affidavits from the Chicago attorneys provide more information on reasonable rates for this type of litigation, they appear to focus on reasonable rates for litigation in Chicago. [Filing No. 32-6; Filing No. 32-7.] This information is unhelpful for determining the prevailing rates in the Indianapolis community. *See Montanez*, 755 F.3d at 553 ("A reasonable hourly rate is based on the local market rate . . . .").

Next, Ms. Swike refers the Court to many cases in which her attorneys have received their requested rates, frequently at hourly rates between $505 and $595 per hour for Mr. Philipps and Ms. Philipps and between $230 and $295 for Ms. Robertson. [*See* Filing No. 36 at 1-2 (citing, among many others, *West v. Credit Control Servs., Inc.*, 2017 WL 4938405 (N.D. Ill. 2017)

(awarding rates of $565 for Ms. Philipps, $575 for Mr. Philipps, and $295 for Ms. Robertson over defendant's objection); *Long v. Fenton & McGarvey Law Firm P.S.C.*, No. 1:15-cv-1924-LJM-DML (S.D. Ind. May 31, 2017), ECF No. 107 (approving class settlement rates of $595 for Mr. Philipps, $585 for Ms. Philipps, and $295 for Ms. Robertson); *Castro v. Lloyd & McDaniel, PLC, 2016 WL 5110046 (S.D. Ind. 2016)* (awarding rates of $565 for Ms. Philipps, $575 for Mr. Philipps, and $295 for Ms. Robertson over defendant's objection); *Hensley v. Jacob Law Group, PLLC*, No. 1:13-cv-1042-JMS-MJD (S.D. Ind. 2014), ECF No. 49 (approving class settlement rates of $525 for Mr. Philipps, $505 for Ms. Philipps, and $230 for Ms. Robertson)).] While several of these cases are less helpful, including several originating outside this District and others providing minimal analysis of why the rate was approved, together these cases demonstrate that the requested rates are within the bounds that have been accepted by judges of this Court.

Such evidence is not determinative, however. As Med-1 points out, judges in this District have also recently reduced rates in similar FDCPA cases involving experienced attorneys. For example, John Steinkamp had his requested rate reduced from $300 to $275 per hour in *Reed v. EOS CCA, 2016 WL 6876573 (S.D. Ind. 2016)*, and Robert Duff had his requested rate reduced from $350 to $250 per hour in *Grubbs v. Andrews & Cox, PC, 2016 WL 3902591 (S.D. Ind. 2016)*. The Court rejects Med-1's argument that Mr. Philipps and Ms. Philipps should be awarded a rate of $275 per hour and Ms. Robertson should be awarded $175 per hour. Mr. Steinkamp has prosecuted FDCPA cases since 2009, Affidavit, *Reed*, No. 1:14-cv-1745-JMS-DKL (July 26, 2016), ECF No. 75-2, and Mr. Duff has done so since 2007, Affidavit, *Grubbs*, No. 1:13-cv-1936-WTL-MJD (Oct. 20, 2015), ECF No. 85. As Ms. Swike demonstrates, Mr. Philipps and Ms. Philipps have substantially more experience litigating FDCPA cases that justify rates higher than those received by Mr. Steinkamp and Mr. Duff.

However, Med-1 persuasively argues that these cases undermine Mr. Philipps and Ms. Philipps' claims to rates at well over twice the award for Mr. Steinkamp in *Reed*—116% and 113% higher, respectively, to be exact. Without evidence showing other Indianapolis attorneys receiving well over $550 an hour for this type of litigation, the Court is left to conclude that the requested rates in this case are excessive. Moreover, Ms. Swike cites in support of their current request the undersigned's 2014 order in *Hensley*, approving of $525 for Mr. Philipps, $505 for Ms. Philipps, and $230 for Ms. Robertson as part of a class settlement. But Ms. Swike fails to explain why Mr. Philipps' and Ms. Philipps' rates have increased by $70 and $80, respectively, over the intervening years.

Using *Hensley* as a starting point, with the underlying goal of achieving "rough justice" and avoiding a second litigation over fees, *Fox*, 563 U.S. at 838, the Court concludes that awards of $550 an hour for Mr. Philipps, $530 an hour for Ms. Philipps, and $295 an hour for Ms. Robertson represent reasonable rates in this case. For Mr. Philipps and Ms. Philipps, these rates approximate an inflation-adjusted rate from the fees awarded in *Hensley*. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, *CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm; *cf. Heling v. Creditors Collection Serv. Inc.*, 2017 WL 2539785, at *4 (E.D. Wis. 2017) (consulting inflation rates as a factor in assessing the reasonableness of a fee award). The Court approves of Ms. Robertson's requested rate of $295, as it is roughly comparable to an inflation-adjusted rate based upon Mr. Steinkamp's award in *Reed*; Mr. Steinkamp had approximately seven years of experience litigating FDCPA cases at the time *Reed* was decided, similar to Ms. Robertson's FDCPA experience now.

Based upon the attorneys' time records, Mr. Philipps seeks compensation for 28.6 hours, Ms. Philipps seeks 21.1 hours, and Ms. Robertson seeks 4.1 hours. [Filing No. 32-5 at 23-27.]

Multiplying these hours, which Med-1 does not challenge, by the above rates, the Court awards $15,730 for Mr. Philipps' work, $11,183 for Ms. Philipps' work, and $1,209.50 for Ms. Robertson's work. The Court also awards $273 for the services of the firm's paralegal, whose rates and hours are also not challenged by Med-1. In total, the Court awards Ms. Swike attorney's fees in the amount of $28,395.50 and uncontested costs in the amount of $615.89, for a total combined award of **$29,011.39**.

### III.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Ms. Swike's Motion for Attorney's Fees and Costs. [32]. The Court awards Ms. Swike a total of **$29,011.39** in costs and fees, in addition to the previously-accepted judgment for $4,000 in actual and statutory damages. Final judgment will enter accordingly.

Date: 5/9/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**